**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLYDE EDWARDS**                                                                 **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC**                                                              **NO. 07-0016-JVP-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 2, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLYDE EDWARDS**                                              **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC**                                           **NO. 07-0016-JVP-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

   This matter comes before the Court on the petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner challenges his 2001 convictions entered on charges of possession of cocaine in excess of 400 grams, possession of a firearm while in possession of a controlled dangerous substance and possession of cocaine with the intent to distribute.  The petitioner complains that the trial court erred in denying the petitioner's request to represent himself, erred in denying the petitioner's motion to recuse/remove trial counsel and erred in allowing the introduction of "other crimes" evidence.  The petitioner further complains that the prosecution suborned perjury and withheld exculpatory evidence.

   By Order dated March 24, 2009, the Court directed the State of Louisiana to file into the record of this proceeding a supplement to the petitioner's state court record.  See rec.doc.no. 17.  A copy of this Order was forwarded to the petitioner at his record address.  The petitioner's service copy of the referenced Order, however, was returned to the Court with the notation that the petitioner was no longer confined at his original place of incarceration.  Accordingly, upon receipt of this notification, the Clerk of Court re-mailed a copy of the Order to the petitioner at the address provided on the return envelope.  Again,

however, the Order was returned to the Court with the notation that the petitioner was not located at the address provided, and no further information was provided as to the petitioner's location.

Under Uniform Local Rule 41.3M, the failure of a pro se litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In the instant case, the imposition of sanctions against the petitioner is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted.  If the Court were to impose a less severe sanction, there would be no means by which to give the petitioner notice of the sanction.  A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all.

<u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that this action be dismissed pursuant to Uniform Local Rule 41.3M, without prejudice, and that in the event that this recommendation is approved by the District Judge, the Order of dismissal shall provide, pursuant to Uniform Local Rule 41.3M, that the petitioner's claims may be reinstated within 30 days, "for good cause shown."

Signed in chambers in Baton Rouge, Louisiana, June 2, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**